IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERBERT MANYGOAT,

    Plaintiff,

v.                                                                                              No. 20-cv-0790 JB-JHR

FNU BIRCHFIELD, *et al*,

    Defendants.

## ORDER GRANTING *IN FORMA PAUPERIS* RELIEF AND DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff Herbert Manygoat's *pro se* Motion for Leave to Proceed *In Forma Pauperis* (Doc. 6). Also before the Court is his Motion to Appoint Counsel (Doc. 11). Plaintiff's financial information reflects he is unable to prepay the $402 filing fee for this civil rights action. The Court will therefore grant the Motion. *See* 28 U.S.C. § 1915(a). Prisoners must generally make an initial partial payment equal to 20% of the greater of: "the[ir] average monthly deposits …; or (B) the[ir] average monthly balance … for the 6-month period immediately preceding the filing of the complaint…" 28 U.S.C. § 1915(b)(1). However, Plaintiff's financial statement reflects he had no income in the six months preceding this lawsuit and that his account balance is $0.00. (Doc. 7 at 3). The Court will waive the initial partial payment, but Plaintiff is reminded that he remains obligated to pay the filing fee at a later time.

As to Plaintiff's remaining motion, "[c]ourts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The decision to make this request is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Factors guiding the Court's decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present

the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, the Court will not take the extraordinary step of asking a local attorney to represent Plaintiff on a *pro bono* basis. The claims are not particularly complex. Beyond citing his indigence and lack of legal knowledge - which unfortunately are factors in most *pro se* cases - Plaintiff has not demonstrated an inability to prosecute the action. The Court will therefore deny the Motion to Appoint Counsel (Doc. 11).

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (**Doc. 6**) is **GRANTED**; and the initial partial payment is **WAIVED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (**Doc. 11**) is **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE