IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT MANYGOAT,

    Plaintiff,

v.   No. 20-cv-0790 DHU-JHR

FNU BIRCHFIELD, *et al.*,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Defendant Mya Donaldson's Motion to Dismiss Plaintiff's Complaint for Damages [Doc. 29], filed November 19, 2021. Pursuant to 28 U.S.C. § 636(b), presiding District Judge David H. Urias referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 36, p. 1]. Having thoroughly reviewed the parties' submissions and the relevant law, I recommend the Court grant the Motion.

    **I.**    **BACKGROUND**

Manygoat filed a *pro se* civil rights complaint on August 6, 2020, [Doc. 1], and a supplement on October 28, 2020 [Doc. 10]. As a pretrial detainee, he alleges that on January 29, 2020, "Officer Birchfield . . . slammed me to the floor and broke my elbow" and that others refused to intervene or provide medical care. [*See* Doc. 1, pp. 1, 4-5; Doc. 10, p. 1]. An X-ray later confirmed the elbow injury and he underwent surgery on February 12, 2020. [Doc. 1, p. 5]. Defendants are various prison officials including Mya Donaldson, the health services administrator. [*Id.*, pp. 2-3]. Donaldson seeks dismissal through this Motion [Doc. 29], and all other Defendants are dismissed with prejudice via stipulation. [Doc. 35]. In the complaint,

Manygoat made only one allegation against Donaldson, alleging that "She Refused me to get my painful right lower Leg which is so painful just to get it amputated." [Doc. 1, p. 3].

Donaldson filed this motion to dismiss on November 19, 2021, seeking dismissal under Rule 12(b)(6) for failure to state a claim. [Doc. 29]. Manygoat did not respond and the time to do so has passed. D.N.M.LR-Civ. 7.4(a). Donaldson filed a notice of completion of briefing on January 27, 2022. [Doc. 33].

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires the Court to accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The complaint must set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id*. at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

## III.    ANALYSIS

Manygoat was a pretrial detainee at the time of the incident, and a pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to adequate medical care. *Strain*

*v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). Courts apply the deliberate indifference standard to a claim for inadequate medical attention. *Id.* (internal citation omitted). This standard includes both an objective and a subjective component. *Id.*

Manygoat is a *pro se* litigant, and a *pro se* litigant's pleadings are to be construed liberally. *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). Again, Manygoat only alleges that Donaldson "Refused me to get my painful right lower Leg which is so painful just to get it amputated." [Doc. 1, p. 3]. Construed liberally and in light most favorable to Manygoat, his allegation appears to be that his leg is so painful that amputation is medically indicated, and that Donaldson is preventing that procedure.

Manygoat did not mention this leg injury anywhere else in the complaint but instead focused on his elbow injury. He did not describe his leg injury, identify a cause, or state whether he received treatment. Without factual allegations in support of the premise that Donaldson was deliberately indifferent to his medical need, Manygoat's claim is only a conclusory assertion. *See Strain*, 977 F.3d at 994 (disregarding conclusory statements in examining a complaint under Rule 12(b)(6)).

Notably, Manygoat states no facts that would demonstrate or support an inference that Donaldson knew Manygoat required an amputation. The deliberate indifference standard includes both an objective and a subjective component, and the subjective prong "turns on the defendant's state of mind." *Lance v. Morris*, 985 F.3d 787, 794 (10th Cir. 2021); *see Strain*, 977 F.3d at 989. "To satisfy this prong, the plaintiff must show that the defendant was aware of a substantial risk of serious harm and chose to disregard that risk." *Id.* Manygoat fails to allege any facts about Donaldson's state of mind. He fails to state what Donaldson knew about his injury, whether Donaldson assessed the injury first-hand or received second-hand reports, or when Donaldson was

informed about his injury. *See e.g. Strain*, 977 F.3d at 995 ("Plaintiff does not explain how the complaint alleges [defendant's] subjective awareness of serious medical needs."); *Robertson v. FNU LNU*, CASE NO. 22-3091-SAC, 2022 WL 1623747, at *3 (D. Kan. May 23, 2022) ("Plaintiff has failed to show that any defendant was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that they also drew the inference").

Because of the lack of supporting factual allegations, Manygoat fails to state a plausible claim, and I recommend granting Donaldson's motion to dismiss.

## IV. RECOMMENDATION

For the above reasons, I **recommend** the Court **GRANT** Donaldson's Motion to Dismiss Plaintiff's Complaint for Damages [Doc. 29] and **DISMISS** Manygoat's claims against Donaldson without prejudice.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**