IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HERBERT MANYGOAT,**

    **Plaintiff,**

v.                                                      No. 20-cv-00790-DHU-JHR

**FNU BIRCHFIELD,
FNU COCKRELL,
FRANK MEJIA and
MYA DONALDSON,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DENY MANYGOAT'S MOTION FOR INJUNCTION [Doc. 57].

THIS MATTER is before me on *pro se* prisoner Plaintiff Herbert Manygoat's motion titled "INJUNCTION – Inadequate Medical Care for a 'Physically Disabled' (NAVAJO)" filed on January 23, 2024. [Doc. 57]. Defendants did not file a response.

Manygoat initiated this case with a prisoner civil rights complaint filed on August 6, 2020. [Doc. 1]. The case was referred to me for proposed findings and recommended disposition by then-presiding District Judge James O. Browning. [Doc. 2]. The case was reassigned to now-presiding District Judge David H. Urias on February 1, 2022. [Doc. 34 text only]. Judge Urias referred the case to me for recommended findings and proposed disposition on July 12, 2022. [Doc. 2]. I filed proposed findings and a recommended disposition the following day. [Doc. 37].

In the absence of timely objections, Judge Urias adopted the recommendation and dismissed Manygoat's complaint on January 31, 2023. [Doc. 42]. Two weeks later, Manygoat filed a motion for reconsideration, [Doc. 43], which Judge Urias granted on August 2, 2023, with permission to file objections to the original recommendation within 14 days. [Doc. 50]. Manygoat filed a document on August 18, 2023, which did not raise any new objections. [Doc. 51]. More

than six weeks later, Manygoat filed objections to the original recommendation. [Doc. 52]. Thereafter, Manygoat filed a series of short documents, some arguably raising new claims and others merely updating the Court on recent events at the custodial facility. [Docs. 53-56]. On January 23, 2024, Manygoat filed the document under consideration now, titled "INJUNCTION – Inadequate Medical Care for a 'Physically Disabled' (NAVAJO)." [Doc. 57].

After considering the Motion, the procedural posture, and the relevant law, I **RECOMMEND** the Court **DENY** Manygoat's Motion for Injunction, which I construe as a motion for leave to amend his Complaint to assert new claims against Raul Favela as a new defendant to the action.

## I.     BACKGROUND

Manygoat is a *pro se* inmate presently housed at Southern New Mexico Correctional Facility. The original Defendants were various prison officials. *See* [Docs. 1, 30]. Manygoat alleges that while he was a pretrial detainee, Defendant Birchfield "slammed him to the floor and broke his elbow while others refused to intervene or provide medical care." [Doc. 50, p. 1]. All Defendants except Health Services Administrator Mya Donaldson were later dismissed by stipulation. *Id.* at 2.

In his Motion, Manygoat initially repeats the general allegations and law he has asserted throughout this case. He recites the "undesirable medical misfortunes" which he endured, including a broken jaw, elbow, tibia, and fibula. [Doc. 57, p. 1]. He generally cites federal civil rights and discrimination statutes to support his claims and specifically relies upon the Eighth Amendment. *Id.* at 1-2.

Manygoat alleges that the facility dentist, Raul Favela, did not perform certain dental procedures. *Id.* at 3. He states, "Raul Favela REFUSED [sic] to grind out my left side upper front

2

tooth [with] cavities and put some fillings in it . . . he [also] refused an off-site orthodontic [referral]." *Id.* at 3. Manygoat contends that he made informal complaints about Favela's "unethicalness" to which he "never got any satisfactory responses." *Id.* To that end, Manygoat requests over $900,000 in damages and an appointed attorney. *Id.* at 4. His prayer for relief also seeks a "declaration that the acts and omissions described herein" violated his rights. *Id.* at 5.

Because Manygoat is a *pro se* litigant, the Court liberally construes his "INJUNCTION – Inadequate Medical Care for a 'Physically Disabled' (NAVAJO)" as a motion to amend his complaint to join Favela as a party. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also* Fed. R. Civ. P. 15. Notwithstanding his title, Manygoat does not ask the Court to enjoin Favela from actions which would irreparably harm Manygoat. *See* Preliminary Injunctive Relief: Initial Considerations (Federal), Practical Law Practice Note 9-521-5760. Instead, the substance of the motion is a request to add Raul Favela as a new defendant and thence assert claims against him. *See* Fed. R. Civ. P. 4, 17.   To date, Favela has never been served or entered an appearance in this matter. *See* [Docs. 1, 30].

## II.   LEGAL STANDARDS

Rule 15 permits a party to amend a pleading once as a matter of course within 21 days of service of the pleading or the responsive pleading. Fed R. Civ. P. 15(a)(1)(A)-(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave to amend should be freely given; however, "the district court may deny leave to amend where the amendment would be futile." *Perez v. City & Cnty. of Denver*, No. 23-1057, 2023 WL 7486461, at *3 (10th Cir. Nov. 13, 2023) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)). Denial on the basis of futility is proper "when the proposed amended complaint would

3

be subject to dismissal for any reason." *Id.* (citing *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997)).

"Apparent reasons" to deny amendment include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of the amendment. *Skyline Potato Co. v. Tan-O-On Mktg., Inc.*, 278 F.R.D. 628, 632–33 (D.N.M. 2011) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). It is "well-settled" that leave to amend may be denied solely on the basis of untimeliness. *Id.*  (collecting cases) (citing *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir.1990) ("[W]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial"). The decision whether to grant leave to amend is left to the discretion of the district court. *See, e.g., Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *Foman*, 371 U.S. at 182.

### III.     ANALYSIS

I find that Manygoat must obtain leave of court to amend his complaint because his opportunity to amend without leave has passed. Fed. R. Civ. P. 15(a)(2). Manygoat filed his original complaint on August 6, 2020, and his supplement to his complaint on October 28, 2020. [Docs. 1, 10]. Responsive pleadings were filed in November and December of 2021. [Docs. 29, 30]. The 21-day window has long passed. *see* Fed. R. Civ. P. 15(a)(1)(A)-(B). There is no indication that Manygoat sought or obtained Defendants' written consent to amend prior to filing this motion. *See* Fed. R. Civ. P. 15(a)(2). Thus, his only option is to seek leave of this Court to amend and add Favela as a new defendant. However, I find that any amendment to add Favela and assert claims against him is futile as well as untimely.

4

First, the amendment is futile because the Motion states no discernable claim for relief and further opportunity to amend would not salvage it. Manygoat voices his dissatisfaction with Favela's alleged failure to respond to his grievances. [Doc. 57, p. 3, 5]. Enforcement of internal prison policies and procedures is not within the purview of the Court. See *Jacklovich v. Simmons*, 392 F.3d 420, 426 (10th Cir. 2004) (internal citations omitted). Thus, to the extent Manygoat wishes to assert claims for Favela's alleged non-responsiveness, any such claim is futile.

Second, any amendment is also substantively futile because allegations that Favela failed to perform certain dental procedures are facially insufficient to state a claim. See *Jones v. Milligan*, No. 09-CV-02958-REB-KMT, 2011 WL 650330, at *1 (D. Colo. Feb. 11, 2011) (internal citation omitted) ("[The] plaintiff alleges in a conclusory fashion that Milligan and Picchione conspired to violate the plaintiff's civil rights. Particularly under the heightened pleading standards established in *Twombly, Iqubal,* and related cases, such conclusory allegations are not sufficient to state a claim on which relief can be granted). Manygoat says that Favela failed to fill his cavities and refer him to an orthodontist. *Id.* at 3. However, Manygoat does not allege that Favela's actions departed from standards of prisoner medical care, nor that Favela was deliberately indifferent to Manygoat's medical condition. Manygoat does not have a constitutional right to specific dental care merely because he wants it or believes he is entitled to it. See *Perez*, 2023 WL 7486461, at *3. Amendment to formally state claim of violation of civil rights by refusing to provide a requested dental service, without more, is futile.

Amendment is also improper because initiating new claims against a new defendant would cause undue delay in a four-year old case. See *Foman,* 371 U.S. at 182. The allegations against Favela do not appear to overlap with the underlying incidents in this case and thus should be brought and considered in an independent action.  Given Manygoat's propensity to file updates in

the court file as new events occur over time, it is likely that the new allegations are not contemporaneous with those already before the Court. One the other hand, if the new claims are related to the original complaint, Manygoat should have known to assert them sooner and not more than three years later. *See Las Vegas Ice*, 893 F.2d at 1185.

Finally, amendment is improper because it would unduly prejudice the remaining defendant Mya Donaldson. Defendants collectively expended resources on responsive pleadings and dispositive motions leading up to a stipulated dismissal of all but Donaldson. [Doc. 35]. If Manygoat were permitted to amend, Donaldson would be tied to a brand new case on unrelated claims against a new defendant.

## IV.  CONCLUSION

For the foregoing reasons, I propose finding that (1) Manygoat's motion for injunction is substantively a motion to amend his complaint to add Raul Favela as a party defendant in order to assert new claims against him; (2) Manygoat must obtain leave of Court to amend under Federal Rule of Civil Procedure 15(A)(2); and (3) leave to amend should be denied because Manygoat's proposed amendment is futile and untimely.

Therefore, I **RECOMMEND** the Court **DENY** Manygoat's Motion for Injunction [57].

_____
**JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**